BIG RAPIDS ELECTRIC CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 14868. Promulgated December 21, 1927.

*Oscar E. Waer, Esq.*, for the petitioner.
*J. F. Greaney, Esq.*, for the respondent.

SIEFKIN: Petitioner, in support of its contention as to the March 1, 1913, value of the property sold in 1924, introduced the testimony of two witnesses who gave. opinion evidence. The first witness had been intimately connected with the petitioner and its predecessor corporation since 1904, was familiar with the property, its operating conditions and values in that vicinity. He testified that the fair market value of the tangible properties, aside from water power, on March 1, 1913, was $40,000, equally divided between the generating plant and its equipment and the distribution system. He further placed a value of $50,000 on the 1,200 inches of water power on that date. The second witness was a civil engineer engaged in water power plant work in Michigan for a long period of years and fully qualified to testify as an expert as well as having some experience with the water power in question. His opinion was that the March 1, 1913, fair market value of the 1,200 inches of water was about $50,000. He explained that the increase between 1909 and 1913 was due, in a large part, to the rapid increase in demand for better and more electrical service, its change from the status of a luxury to that of a necessity, and the progress in transmission lines which made possible the development of water power isolated from centers of distribution.

He further gave as his opinion that water power such as this did not materially increase in value between 1913 and 1924, basing such opinion upon (1) the fact that the City of Big Rapids did not grow ·in population during those· years, (2) development of long distance transmission lines robbed· local plants of the advantage of proximity, and (3) increased building costs since 1913, electric rates remaining stationary, gave a greater value to the water power in 1913 because it could be utilized at a ·lower cost.

On the other hand, counsel for the respondent contends that such opinions are unsupported by facts upon which a reasonable opinion could be based; that there is no evidence of sales earnings and that the evidence of costs is meaningless. Respondent further urges that it is unreasonable to attribute approximately one-half of the gain in the property to the water power, whereas, the costs in water power originally were only about 10 per cent of the entire property. Respondent also argues that from the increased cost of labor and mate-

rials after March 1, 1913, the gain in the value of the property sold must be attributed chiefly to the gain in the value of the physical plant rather than the water power.

We have considered these contentions of the respondent but must disagree with them when we consider the opinions of the witnesses and the facts upon which they base those opinions. Considering all of the facts and relying upon the opinions of the witnesses, which were strengthened rather than weakened by cross-examination, we believe that the value of petitioner's plant on March 1, 1913, was as set forth in our findings.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*